IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Action No. 10-cr-00326-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JERAMY ANTUNA,
2. ANNA ASKVIG,
3. SERENA BENAVIDEZ,
4. LUIS DOMINGUEZ,
5. JOSE LUIS DOMINGUEZ,
6. RODOLFO DOMINGUEZ,
7. NORMA ENRIQUEZ,
8. RANDY FRIAS,
9. DOMINGO GARCIA,
10. CHAUVANNA GESICK,
11. ROSEANN GONZALES,
12. MICHAEL GURULE,
13. DESIREE MARIE HERNANDEZ,
14. FREDDIE KINZIE-GARCIA,
15. ELISIA LLAMAS,
16. AURELIO MADRID,
17. TERRY MARGHEIM,
18. JOSE MARTINEZ,
19. JAVIER MEDINA,
20. AMANDA MONTES,
21. CARLOS MORALES-GONZALES,
22. ELIZABETH NAVARRO,
23. ANTHONY RIVERA,
24. TODD ANTHONY SHELTON,
25. BRIAN THOMPSON,
26. ONNA MARIE TREVINO,
27. ANTHONY TRUJILLO,
28. SKYLER VALENCIA,
29. MICHELLE VERSEMANN,
30. ERNEST RUSSELL WILLIAMS,

    Defendants.

_____

**PROTECTIVE ORDER REGARDING
JENCKS ACT MATERIAL AND RULE 16 MATERIAL**

_____

This matter comes before the Court on the Government's Motion for Protective Order for Jencks Act and Rule 16 Material [Docket No. 215] concerning the use, custody, and circulation of Jencks Act material and Fed. R. Crim. P. 16 material disclosed to the above-named defendants. The government cites 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2) and 26.2; *Giglio v. United States*, 405 U.S. 150 (1972); and *United States v. Ruiz*, 536 U.S. 622, 631-32 (2002) (upholding the right of the government to withhold confidential informant information in the context of plea bargaining before trial). The government's Rule 16 disclosure deadline is July 2, 2010.

For good cause, the Court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act, 28 U.S.C. § 1651.

The government has expressed concerns that Jencks Act protected documents, such as witness statements and reports of statements of witnesses or persons assisting law enforcement, should not be left in the exclusive custody of the defendants. The government cites concerns for witness safety that could stem from the unauthorized publication, duplication, or circulation of these documents. The government has expressed similar concerns about the use of certain Rule 16 material, such as photographs of persons cooperating with law enforcement, including any co-conspirators who subsequently make themselves available as government witnesses, and the use of personal identifying information reflected in NCIC/CCIC reports that may be disclosed to the defense. In the context of pretrial discovery, the Court finds that the government's concerns have merit, that the burden on the defense is not extensive, and that encouraging the early disclosure of Jencks Act material may encourage the fair

resolution of some defendants' cases.  Being now sufficiently advised in the premises, the Court finds that it is in the best interests of justice to grant the government's Motion for Protective Order.  It is therefore

ORDERED that the Government's Motion for Protective Order for Jencks Act and Rule 16 Material [Docket No. 215] is GRANTED.  It is further

ORDERED that, in producing materials subject to this Order, the government shall designate such materials as protected.  It is further

ORDERED that Jencks Act material, including witness statements and reports of witness statements or debriefings, and recordings or transcripts of witness statements or testimony, and Fed. R. Crim. P. 16 material, including photographs of persons who are or may become witnesses, NCIC/CCIC reports, Social Security numbers, addresses, and telephone numbers, furnished to defense counsel of record in this case shall be used by the defense only for official purposes related to judicial proceedings in this case and for no other purpose.  It is further

ORDERED that Jencks Act material and Rule 16 materials subject to this Order, produced by the government to defense counsel of record, shall remain in the physical custody and control of counsel, its employees, and/or its professional associates and, although defendants may review such materials, they shall not be left in the exclusive custody of the defendants.  It is further

ORDERED that, unless defense counsel and the government come to a specific understanding to the contrary, the Jencks Act material and Rule 16 material that is subject to this Order which is disclosed to the defense, including disclosures made through the use of electronic media, shall not be copied (except for internal purposes

related to this case), reproduced, published or publicly circulated by the defense without further order of the Court or until its use in judicial proceedings at the time of trial or in official hearings or proceedings related to this case. It is further

ORDERED that, in the event defendants and the government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may do so by mutual agreement. In the event that defendants and the government disagree or are unclear about the meaning or application of this Order with respect to some document, photograph, or other material in the case, the parties may bring the issue to the attention of the Court. It is further

ORDERED that, at the conclusion of the case, the materials subject to this Order shall be returned to the government.

DATED July 1, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge