IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Action No. 10-cr-00326-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JERAMY ANTUNA,
2. ANNA ASKVIG,
3. SERENA BENAVIDEZ,
4. LUIS DOMINGUEZ,
5. JOSE LUIS DOMINGUEZ,
6. RODOLFO DOMINGUEZ,
7. NORMA ENRIQUEZ,
8. RANDY FRIAS,
9. DOMINGO GARCIA,
10. CHAUVANNA GESICK,
11. ROSEANN GONZALES,
12. MICHAEL GURULE,
13. DESIREE MARIE HERNANDEZ,
14. FREDDIE KINZIE-GARCIA,
15. ELISIA LLAMAS,
16. AURELIO MADRID,
17. TERRY MARGHEIM,
18. JOSE MARTINEZ,
19. JAVIER MEDINA,
20. AMANDA MONTES,
21. CARLOS MORALES-GONZALES,
22. ELIZABETH NAVARRO,
23. ANTHONY RIVERA,
24. TODD ANTHONY SHELTON,
25. BRIAN THOMPSON,
26. ONNA MARIE TREVINO,
27. ANTHONY TRUJILLO,
28. SKYLER VALENCIA,
29. MICHELLE VERSEMANN,
30. ERNEST RUSSELL WILLIAMS,
31. ALICIA BARAY-DELEON,

    Defendants.

---
**ORDER PERMITTING DISCLOSURE OF GRAND JURY TRANSCRIPTS**
---

The Court has reviewed the government's motion for an order to permit disclosure of grand jury transcripts to the defense [Docket No. 509]. Having reviewed the file and being sufficiently advised in the premises, the Court finds and concludes as follows:

The Court may order the disclosure of grand jury material relating to this case before trial pursuant to Fed.R.Crim.P. 6(e)(3)(E)(i). Rule (6)(e)(3)(E) provides in part that the "court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand jury matter: (i) preliminarily to or in connection with a judicial proceeding."

Therefore, it is

ORDERED that the Government's Motion to Disclose Copies of Transcripts of Grand Jury Testimony Under Specified Conditions to Attorneys for Defendants [Docket No. 509] is GRANTED. It is further

ORDERED that the government may provide to the defense counsel of record in this case transcripts of grand jury testimony and exhibits thereto (whether on paper or by means of electronic media) in relation to the indictment in this case. Any grand jury transcripts or material received pursuant to this order shall be used for official purposes only. It is further

ORDERED that: (1) copies of grand jury transcripts or other material provided to the defense counsel of record shall remain in the personal control of counsel, its

employees, and/or its professional associates; (2) the defendant may review the grand jury transcripts or material, but control of such materials shall remain with counsel, its employees, and/or its professional associates; (3) counsel may make copies of such grand jury materials for their internal purposes related to this case; and (4) any grand jury transcripts or material disclosed by the government to defense counsel pursuant to this order, including copies generated from electronic media, shall be maintained in the confidential files of the attorneys of record during the pendency of this case and delivered to the United States Attorney's Office within ten days after the conclusion of the case.

DATED August 17, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge